IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,056-04






EX PARTE WILLIAM LEN RAINEY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 22671 IN THE 91ST JUDICIAL DISTRICT COURT


FROM EASTLAND COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to failure to comply
with sex offender registration requirements and was sentenced to twenty months' state jail
imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because 
counsel failed to independently investigate the facts underlying the charge, which, according to
Applicant, did not support the conclusion that he violated the conditions of his sex offender
registration requirements by visiting the home of his wife and children. Applicant also alleges that
counsel failed to investigate the assertions made by the State that Applicant could or would be
prosecuted for additional offenses, including sexually assaulting his daughter, and that the State
would seek stacked sentences and possibly civil commitment for Applicant if he did not accept the
plea agreement.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with any available material documenting the
facts underlying the offense with which Applicant was charged. The trial court shall make findings
of fact and conclusions of law as to whether the performance of Applicant's trial counsel was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: June 13, 2012

Do not publish